UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-86-FDW

| | |
|---|---|
| JOHN E. PATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROY COOPER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner John E. Pate's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

## I. BACKGROUND

On November 20, 2013, Petitioner was convicted by a Cherokee County Superior Court jury of one count of taking indecent liberties with a child. State v. Pate, 767 S.E.2d 113, 115 (N.C. App. 2014), cert. denied, 772 S.E.2d 865 (N.C. 2015). He was sentenced to 16 to 20 months imprisonment. Id.

Petitioner began serving his sentence immediately and was released from prison on January 11, 2015. See N. C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list, Offender No. 1397949 (last visited Sept. 2, 2016). He filed the instant § 2254 habeas Petition on March 31, 2016.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it

1

plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

### III. DISCUSSION

The "Antiterrorism and Effective Death Penalty Act of 1996" gives federal district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has interpreted that language to require the habeas petitioner be in custody under "the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Once the sentence imposed for a conviction has completely expired, an individual is no longer "in custody" for the purpose of a habeas attack upon that conviction or sentence. See Maleng, 488 U.S. at 492.

Petitioner seeks to have his November 20, 2013 conviction for taking indecent liberties with a child vacated on the grounds that his trial counsel rendered ineffective assistance. Because Petitioner's 16 to 20 month sentence for that conviction expired in January 2015, however, he was no longer "in custody" when he filed the instant § 2254 habeas petition. See id. Consequently, this Court does not have jurisdiction to consider the constitutionality of Petitioner's 2013 conviction, see id., and the Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S.

322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 7, 2016

Frank D. Whitney
Chief United States District Judge